> The request is granted. Parties have leave to file under seal (i) the Declaration of Daniel Kotchen in Support of the Parties' Joint Motion, with its Exhibits A, B and 1-34 and (ii) in redacted form, the Joint Motion, specifically redacting footnotes 4, 5, 6, 7, 8, 9, 10 and 11 and the references to Kotchen & Low LLP's total attorneys' fees on page 17.
>
> SO ORDERED.
>
> /s/ Alvin K. Hellerstein
> January 9, 2023

Via ECF

January 6, 2023

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Peal Street, Room 1050
New York, NY 10007

Re:   *Meyenhofer, et al. v. Larsen & Toubro Infotech Limited, et. al.*
       **Case No. 1:19-cv-9349 (AKH) (S.D.N.Y.)**
       **Letter Motion To Seal Documents Related to Preliminary Approval Motion**

Dear Judge Hellerstein:

This firm represents Defendants Larsen & Toubro Infotech Limited, et. al, ("LTI") in the above captioned lawsuit. We write pursuant to Rule 4.B of Your Honor's Individual Rules to request leave to file under seal (i) the Declaration of Daniel Kotchen in Support of the Parties' Joint Motion for Preliminary Approval of Settlement, dated January 6, 2022, with its Exhibits A, B and 1-34 and, (ii) in redacted form, the Joint Motion for Preliminary Approval of Proposed Settlement ("Joint Motion"), specifically redacting footnotes 4, 5, 6, 7, 8, 9, 10, and 11, and Kotchen & Low LLP's (Plaintiffs' Counsel's) total attorneys' fees (listed on page 17). We have conferred with counsel for Plaintiffs, who do not object to this request, and LTI does not object to Plaintiffs' request to seal Exhibit 34 and its reference on page 17 of the Joint Motion and in paragraph 5 to the Kotchen declaration. The parties therefore request that Your Honor grant this request for the following reasons.

The Kotchen Declaration and its Exhibits A, B and 1-33, and footnotes 4, 5, 6, 7, 8, 9, 10 and 11 of the Joint Motion directly discuss confidential, proprietary and non-public information related to LTI's business operations and internal operations. Furthermore, Exhibits 1-33, and the documents quoted in footnotes 4, 5, 6, 7, 8, 9, 10 and 11, have been produced pursuant to a Court-approved Protective Order (*see* ECF Nos. 58, 59) and each document is tagged as Confidential pursuant to that Order. All of these documents contain sensitive commercial information related to LTI's confidential and proprietary technology and internal business operations, including non-public financial analysis, client account information, internal personnel staffing issues, company termination policies and highly sensitive email communications and presentations related to LTI operations and organizational structures both within the United States and globally.

Public disclosure of these documents (including quotations thereto) may cause significant harm to LTI business operations and may also adversely impact LTI's ability to conduct business with its current clients, develop relationships with prospective clients and could prejudice LTI in future business negotiations generally. As such, the documents may be appropriately sealed. *See*, *e.g.*, *Markowitz v. Kbi Servs.*, No. 21-mc-00397-LGS, 2021 U.S. Dist. LEXIS 196487, at *7 (S.D.N.Y. Oct. 7, 2021) (sealing warranted due to "documents' confidential and sensitive nature"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions related to "specific business information and strategies").

Plaintiffs seek to seal Exhibit 34, which contains Kotchen & Low LLP's detailed billing records for this matter, and the reference to the firm's total attorneys' fees in the Joint Motion on page 17 and in the Kotchen declaration at paragraph 5. Exhibit 34 and its reference in the Joint Motion and Kotchen declaration are protected by the attorney-client privilege and the work product doctrine as disclosure of Plaintiffs' Counsel's billing records would reveal counsel's litigation strategy, confidential communications with clients and putative class members, and allocation of resources, time, and attorneys to case-related tasks. Courts have found that where "billing records contain attorney work product and attorney-client communications," such records may be sealed. *Ottoson v. SMBC Leasing & Fin., Inc.*, 13-CV-1521 (JPO), 2021 WL 839437, at *3 n.1 (S.D.N.Y. Mar. 5, 2021) (granting motion to seal); *Tokyo Electron Ariz., Inc.*, 215 F.R.D. 60, 62 (E.D.N.Y. 2013) (finding justification "reasonable" and allowing redactions of time records where plaintiff argued "'[w]ithout redacting the entries, [defendant] would have improper access to [plaintiff's] mental impressions and legal theories as precisely described on the time records'"); *Bria v. United States*, No. 3:01MC(CFD), 2002 WL 663862, at *5 (D. Conn. Mar. 26, 2002) (noting that "'time records which also reveal . . . litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the [attorney-client] privilege.'" (quoting Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992)); *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 1:17-CV-8987-GHW, 2021 WL 4481853, at *3 (S.D.N.Y. Sept. 29, 2021) (granting motion to seal parts of billing records that were "detailed and contain[ed] information about discovery, trial strategy, factual investigation, and the legal services rendered"); *Bretillot v. Burrow*, No. 14CV7633 JGK MHD, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015), *report and recommendation adopted,* No. 14 CIV. 7633 JGK MHD, 2015 WL 6455155 (S.D.N.Y. Oct. 26, 2015) (granting motion to seal billing records).

For all the above reasons, the parties respectfully request that Your Honor grant leave to file under seal (i) the Declaration of Daniel Kotchen in Support of the Parties' Joint Motion, with its Exhibits A, B and 1-34 and (ii) in redacted form, the Joint Motion, specifically redacting footnotes 4, 5, 6, 7, 8, 9, 10 and 11 and the references to Kotchen & Low LLP's total attorneys' fees on page 17. We thank Your Honor for your attention to this matter.

Respectfully submitted,

/s/ Michelle M. La Mar
Michelle M. La Mar (*pro hac vice*)
Terry D. Garnett (*pro hac vice*)
Bradley J. Raboin (*pro hac vice*)
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000
Facsimile: (212) 407-4990
Email: mlamar@loeb.com
Email: tgarnett@loeb.com
Email: braboin@loeb.com

*Attorneys for Defendants*