## SETTLEMENT STIPULATION

THIS SETTLEMENT STIPULATION (the "Agreement") is entered into by and between Andrew Ragland ("Mr. Ragland," "Class Representative," or "Plaintiff") and the Settlement Class he seeks to represent, on the one hand, and Larsen & Toubro Infotech Limited, Larsen & Toubro Infotech LLC and each of their successors in interest, including LTIMindtree (all together, "Defendants" or "LTI") on the other hand  (LTI, Ragland and the Settlement Class collectively shall be referred to as the "Parties").

WHEREAS, on or about May 1, 2019 Markus Meyenhofer ("Mr. Meyenhofer") filed a charge of discrimination (supplemented on or about September 17, 2019) entitled *Markus Meyenhofer v. Larsen & Toubro*, alleging discrimination based on age, race, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge Numbers 524-2019-01144 and 524-2019-02107 ("Meyenhofer EEOC Charge");

WHEREAS, on or about August 25, 2019 Mr. Ragland filed a charge of discrimination entitled *Andrew Ragland v. Larsen & Toubro Infotech,* alleging discrimination based on race and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, with the EEOC, Charge Number 520-2019-05623 (the "Ragland EEOC Charge," and collectively with the Meyenhofer EEOC Charge, the "EEOC Charges");

WHEREAS, on October 9, 2019 the Class Representative along with Mr. Meyenhofer filed a class action complaint in the United States District Court, Southern District of New York, on behalf of themselves and similarly situated individuals against LTI (the "Complaint"), entitled *Meyenhofer, et al. v. Larsen & Toubro Infotech Limited, et al.,* Case No. 1:19-cv-9349 (the "Action");

WHEREAS, on December 5, 2019, Defendants filed a Motion to Dismiss the Complaint and to Strike Claims;

WHEREAS, in response to the Motion to Dismiss and to Strike Claims, the Class Representative and Mr. Meyenhofer filed an Amended Complaint on December 19, 2019 (the "Amended Complaint");

WHEREAS, on February 3, 2020, Defendants filed a Motion to Dismiss the Amended Complaint and Strike Claims, which was granted in part on November 30, 2020;

WHEREAS, Mr. Ragland, Mr. Meyenhofer, and Defendants engaged in extensive discovery over the next sixteen months during which Defendants produced approximately 248,300 documents (over one million pages), applicant and employee data, and responded to three sets of written discovery;

WHEREAS, during the discovery period, Mr. Ragland and Mr. Meyenhofer produced approximately 3,150 documents and responded to five sets of written discovery and four sets of written discovery, respectively;

WHEREAS, on or about June 8, 2022, Mr. Ragland, Mr. Meyenhofer, and Defendants engaged Carol Wittenberg to mediate the Action in two separate mediation sessions which took place on July 20, 2022 and August 17, 2022;

WHEREAS, at mediation, Plaintiffs' Counsel and Defendants' counsel evaluated the strengths and weaknesses of each party's claims and defenses, the likelihood that Plaintiffs could certify a hiring, promotions, and/or terminations class, whether such classes could include alleged contractual employees such as Mr. Meyenhofer, and whether such classes would prevail at trial and survive any appeal;

WHEREAS, the Parties agreed to a settlement on behalf of a termination class represented by Mr. Ragland (the "Settlement Class") on the terms set forth in this Agreement, and to reach an individual settlement with Mr. Meyenhofer;

WHEREAS, this settlement was reached without acknowledgment, admission, or concession by Defendants that class certification was warranted in any respect and without acknowledgment, concession, or admission by Defendants as to any damages or liability whatsoever;

WHEREAS, for the reasons stated above, the Parties agreed that all other claims not settled by this Agreement, or by the settlement agreement with Mr. Meyenhofer and Defendants would be dismissed.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

1.  Definitions:

    (a)     "Action" refers to *Meyenhofer, et al. v. Larsen & Toubro Infotech Limited, et al.*, Case No. 1:19-cv-9349, filed in the United States District Court, Southern District of New York.

    (b)     "Agreement" means the terms set forth in this Settlement Stipulation between LTI on the one hand, and Mr. Ragland, and the Settlement Class on the other hand.

    (c)     "Amended Complaint" refers to the amended class action complaint filed on December 19, 2019 in the United States District Court, Southern District of New York, entitled *Meyenhofer, et al. v. Larsen & Toubro Infotech Limited, et al.,* Case No. 1:19-cv-9349.

    (d)     "Appropriate Federal Officials" and "Appropriate State Officials" are defined at Section 9 pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

    (e)     "Class Action Fairness Act" is the Class Action Fairness Act of 2005, Pub. L. 109-2, 27 U.S.C. §§ 1332(d), 1453, 1711-15.

    (f)     "Class Counsel" or "Plaintiffs' Counsel" refers to Kotchen & Low LLP.

(g)     "Class List" is defined at Section 10.(b).

(h)     "Class Member" means those members of the Verified Termination SubClass (Group A), the Unverified Termination SubClass (Group B), and the Injunctive Relief Only SubClass (Group C), collectively.

(i)     "Class Period" means October 9, 2015 through the Preliminary Approval Date.

(j)     "Class Representative" refers to Plaintiff Andrew Ragland.

(k)     "Total Class Settlement Amount" is defined at Section 2.

(l)     "Complaint" refers to the initial class action complaint filed on October 9, 2019 in the United States District Court, Southern District of New York, entitled *Meyenhofer, et al. v. Larsen & Toubro Infotech Limited, et al.,* Case No. 1:19-cv-9349.

(m)     "Confidentiality Agreement" is defined at Section 8.(a).

(n)     "Counsel for Defendants" or "Defendants' Counsel" refers to Loeb & Loeb LLP.

(o)     "Court" means the United States District Court, Southern District of New York, Judge Alvin Hellerstein.

(p)     "EEOC" means the United States Equal Employment Opportunity Commission.

(q)     "EEOC Charges" refers to the Meyenhofer EEOC Charge and the Ragland EEOC Charge collectively.

(r)     "Final Approval Hearing" means the hearing during which the Court considers whether to grant final approval of the Parties' Motion for Final Approval of the Settlement Stipulation.

(s)     "Final Approval Motion" means the motion in which the Parties will request the Court grant final approval of the Parties' Settlement entitled Motion for Final Approval of the Settlement Stipulation.

(t)     "Final Class Settlement Fund" is defined at Section 11.(a)(i).

(u)     "Incentive Award" is defined at Section 17.

(v)     "Injunctive Relief" is defined at Section 11.(b).

(w)     "Injunctive Relief Only SubClass (Group C)" is defined at Section 4.(a)(iii).

(x)    "LTI" or "Defendants" means Larsen & Toubro Infotech Limited and Larsen & Toubro Infotech LLC, collectively.

(y)    "Mr. Meyenhofer" refers to Plaintiff Markus Meyenhofer.

(z)    "Notice" or "Notices" is defined at Section 12.(b) and (c).

(aa)    "Notice Period" is defined at Section 12.(c).

(bb)    "Participating Class Member" is defined at Section 13.(a).

(cc)    "Parties" refers to LTI, Mr. Ragland, and the Settlement Class collectively.

(dd)    "Plaintiff" refers to Plaintiff and Class Representative Andrew Ragland.

(ee)    "Preliminary Approval Date" means the date on which the Court grants the Parties' Motion for Preliminary Approval of the Settlement Stipulation.

(ff)    "Preliminary Approval Motion" means the motion in which the Parties will jointly request the Court initially grant preliminary approval of the Parties' Settlement Stipulation.

(gg)    "Preliminary Approval Order" means the order in which the Court grants the Parties' Preliminary Approval Motion.

(hh)    "Proof of SubClass Group A Membership" is defined at Section 12.(i).

(ii)    "Released Claims" is defined at Section 6.

(jj)    "Released Parties" is defined at Section 6.

(kk)    "Request for Exclusion" is defined at Section 12.(h).

(ll)    "Settlement" means the full and complete resolution of the Action as to the putative Termination Class Claims.

(mm)    "Settlement Administrator" is defined at Section 8.

(nn)    "Settlement Check" means the payments made to Class Members pursuant to Section 13.

(oo)    "Settlement Class" is defined at Section 4.(b).

(pp)    "Settlement Effective Date" means the date the Final Approval Motion is approved and issued by the Court.

(qq)    "Settlement Account" means the account in which all Class Settlement Amount monies will be placed and distributed by the Settlement Administrator.

(rr)    "Settlement Payment" is defined at Section 11.

(ss)    "Termination Class Claims" means all claims that were asserted or could have been asserted in the Action or the underlying EEOC Charges related to the termination of class members' employment.

(tt)    "Unverified Termination SubClass (Group B)" is defined at Section 4.(a)(ii).

(uu)    "Verified Termination SubClass (Group A)" is defined at Section 4.(a)(i).

2.    <u>Class Settlement Consideration</u>:  In consideration for the covenants made in this Agreement, and in full and complete settlement of the Action as to the putative Termination Class Claims, Defendants have agreed to the Injunctive Relief set forth in Section 11.(b) and shall pay no more than four million six hundred and fifty thousand dollars ($4,650,000) (the "Total Class Settlement Amount") in complete resolution of Plaintiff Ragland and the Class' claims.  For the avoidance of doubt, the Total Class Settlement Amount includes all payments made to Mr. Ragland, the Settlement Class as defined below, the Incentive Award payment, employee tax payments, employer tax payments, the Settlement Administrator's costs and fees, and Class Counsel's attorneys' fees and costs of suit incurred in the Action.

3.    <u>No Admission of Liability</u>:  LTI expressly denies that it violated the law in any manner alleged in or related to the Action.  The Parties enter into this Agreement to avoid the risk, uncertainty, inconvenience, expense and burden of further disputes and litigation.  Neither this Agreement, nor any of its terms shall constitute an admission or finding of wrongful conduct, acts, or omissions on the part of LTI, or will be admissible as evidence of any such wrongful act or omission in any judicial, arbitral, administrative or investigative proceeding.

4.    <u>Settlement Class</u>:

(a)    The Parties shall ask the Court to certify a Settlement Class consisting of three sub-classes:

(i)    Verified Termination SubClass (Group A) – all persons formerly employed by LTI who submit a claim and establish by appropriate documentation to the Settlement Administrator, as approved by the Parties, that they are neither South Asian race nor of Indian national origin, and who are listed or should have been listed on LTI's Affirmative Action Plan ("AAP") report as being involuntarily terminated during the Class Period.

(ii)    Unverified Termination SubClass (Group B)– all persons formerly employed by LTI who do not come forward to verify their class membership with appropriate documentation but are listed or should have been listed on LTI's AAP reports as non-Asian and as being involuntarily terminated during the Class Period.

(iii)    Injunctive Relief Only SubClass (Group C)– all persons formerly employed by LTI who do not come forward and are listed or should have been listed on LTI's AAP report as being involuntarily terminated during the Class Period.  For the avoidance of doubt, this SubClass Group C does not include members of SubClass Group A or SubClass

Group B.  However, members of SubClass Group A and SubClass Group B will also benefit from the injunctive relief provided.

      (b)    Together the Verified Termination SubClass (Group A), Unverified Termination SubClass (Group B), and the Injunctive Relief Only SubClass (Group C) are the "Settlement Class."

      (c)    For clarification, a Settlement Class Member may only be a member of one SubClass.

5.    <u>Certification</u>:  The Parties will propose to the Court that the Settlement Class be certified pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

6.    <u>Class Member Release</u>: Subject to final approval by the Court of the Settlement, and for good and valuable consideration as set forth in this Agreement, the receipt and sufficiency of which is hereby acknowledged, all Settlement Class Members who do not exclude themselves by submitting a timely Request for Exclusion, on behalf of themselves, their spouses, heirs, executors, administrators, successors, assigns and other personal representatives, freely and unconditionally relinquish, waive, release and forever discharge LTI and its former and current owners, parents, subsidiaries, divisions, brother-sister companies, and all other affiliates and related entities, and their current and former partners, employees, members, officers, directors, stockholders, owners, representatives, assigns, attorneys, clients, customers, joint venturers, agents, servants, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of those programs), and other related parties or persons acting by, through, under, or on behalf of any of the above persons or entities, and the successors of each of the above persons or entities (collectively, the "Released Parties") from any and all possible claims that were asserted in the Action, the Complaint, the Amended Complaint, or the EEOC Charges, and/or which could have been alleged or asserted based on, or in any way related to, the allegations, transactions, facts, matters, occurrences, statements, or representations set forth, referred to, or alleged in the Action, the Complaint, the Amended Complaint or the underlying EEOC Charges, whether known or unknown, that arose up through the Settlement Effective Date, including, without limitation all claims for restitution or other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits and attorneys' fees and costs (collectively the "Released Claims").

      (a)    Upon the Settlement Effective Date, all Released Claims against the Released Parties shall be fully, finally and forever released, relinquished and discharged with prejudice and on the merits, without costs to any party (except as otherwise set forth herein).

      (b)    Each Class Member who does not exclude him or herself by submitting a timely Request for Exclusion shall be barred from commencing, maintaining, prosecuting, participating in, or permitting to be filed by any other person on their behalf any action, suit, administrative claim or other claim of any sort or nature (except where mandated by applicable law) of any kind against the Released Parties with respect to the Class Released Claims that accrue through the Settlement Effective Date.

(c)    Class Members who do not timely opt out shall be deemed, upon the Settlement Effective Date, to have fully, finally, and irrevocably waived, released and discharged the Released Parties from any and all Released Claims arising at any time through the Settlement Effective Date, whether or not they come forward and whether or not they cash their Settlement Check.

(d)    In addition to the above release, Mr. Ragland will execute and provide to LTI an individual general release in the form attached hereto as Exhibit "C" which will also become effective on the Settlement Effective Date.

7.    <u>Mutual Full Cooperation/Submission of Settlement to Court for Approval</u>:

(a)    The Parties will work in good faith with each other and the Settlement Administrator to effectuate the terms of this Agreement, including but not limited to, preparing and executing documents necessary to implement this Agreement, preparing and filing of a Preliminary Approval Motion, obtaining the Court's preliminary and final approval of this Agreement, obtaining certification of the Settlement Class and the appointment of Class Counsel, and defending this Agreement from any legal challenge.

(b)    Class Counsel shall be responsible for drafting the Preliminary Approval Motion, which draft shall be presented to Defendants' Counsel as soon as practicable before filing.  Defendants reserve the right to modify or supplement the motion, and that such modifications shall be incorporated into the Preliminary Approval Motion upon approval of Class Counsel.  The Parties agree to work together regarding the submission of such papers, however, such filing shall not occur before Defendants' Counsel provides express approval or until 3 business days have elapsed after (i) the Parties reach an impasse on the wording of the Preliminary Approval Motion and (ii) Defendants' Counsel notifies Class Counsel that all notices mandated by the Class Action Fairness Act are ready to be mailed out.  Defendants' Counsel shall not unreasonably withhold approval for filing.  Plaintiff's counsel shall not unreasonably deny any modification suggested by Defendants.  For the avoidance of doubt, in the event of an impasse, Defendants may oppose the Preliminary Approval Motion.

(c)    Class Counsel shall also be responsible for drafting the Final Approval Motion, which draft shall be presented to Defendants' Counsel as soon as practicable before filing.  Defendants reserve the right to modify, supplement or oppose the motion as deemed appropriate.  Any modifications to the Final Approval Motion shall be incorporated into the motion upon approval of Class Counsel.  In no event shall the Final Approval Motion be filed before ninety (90) days have passed following the mailing of the notice required under the Class Action Fairness Act.  The Parties agree to work together regarding the submission of such papers.

8.    <u>Settlement Administrator</u>:

(a)    The Parties have selected A.B. Data, Ltd. to be the Settlement Administrator.  The Settlement Administrator will administer the Settlement, receive submissions as to race and national origin from Class Members for inclusion in the Verified Termination SubClass (Group A) subject to Parties' approval , disburse funds to Class Members

and Class Counsel with appropriate withholdings, and perform any other services expressly required by this Agreement as well as any other services mutually agreed upon by the Parties. The Settlement Administrator will be required to sign a Confidentiality Agreement with the Parties. The Defendants will prepare the Confidentiality Agreement and will present it to Class Counsel for approval and input.

(b)     Although the Settlement Administrator will receive verification submissions for the Verified Termination SubClass (Group A), such submissions will be forwarded to Counsel for the Parties for review and approval. In the event either Party disputes an individual's inclusion in the Verified Termination SubClass (Group A) based on the information provided, the Parties will work together in good faith to resolve the dispute either through clarification or the submission of additional documents. Any unresolved disputes will first be submitted to the Settlement Administrator for resolution. If either party objects to the decision made by the Settlement Administrator, that dispute shall then be submitted to the Court for resolution.

(c)     The Parties, through their counsel, shall cooperate in good faith to resolve any disputes regarding the Settlement Administrator's ability or need to perform certain duties under the Agreement and any unresolved disputes will be submitted to the Court for resolution.

(d)     The Settlement Administrator shall report on at least a bi-weekly basis as to the status of its administration, including without limitation, its receipt of information from potential members of the Verified Termination SubClass (Group A), the current status of the Notices to Class Members, Requests for Exclusion, and the claims administration process. The Parties will have equal access to the Settlement Administrator.

(e)     The Settlement Administrator shall be paid its reasonable and actual fees and costs from the Total Class Settlement Amount, which fees and costs will be subject to approval by the Court. The Settlement Administrators' initial fees and costs shall be paid no later than twenty (20) calendar days following the Settlement Effective Date.

(f)     Should the Settlement Administrator deem that the timelines set by the Parties are not feasible, the Settlement Administrator will alert both Parties, and request an alternate date or deadline. The Parties will agree to any such reasonable request but in light of Court-imposed deadlines.

9.     <u>Notices Mandated by Statute</u>:

No later than ten (10) calendar days after the date on which the Preliminary Approval Motion is filed, the Settlement Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials" as required by the Class Action Fairness Act, 28 U.S.C. § 1715 provided, however, that Defendants' Counsel and Class Counsel will preapprove both the notices and the mailing list before the notices are mailed. Such approval will not be unreasonably withheld. The costs related to the Class Action Fairness Act notices shall be paid for from the Total Class Settlement Amount as part of the Settlement Administrator's costs and fees.

10.    <u>Information to be Provided by Defendants</u>:

(a)    Defendants will work cooperatively and in good faith with Class Counsel and the Settlement Administrator to facilitate the Notice, verification, and claims process.

(b)    No later than ten (10) calendar days after the Preliminary Approval Date, Defendants shall provide the Settlement Administrator and Class Counsel with a preliminary Class List containing the Class Members' names, addresses, email addresses, AAP racial classification data, and AAP termination status data.  The Settlement Administrator will keep such information confidential.

(c)    No later than thirty (30) calendar days after the Preliminary Approval Date, Defendants' Counsel and Class Counsel will cooperate and jointly provide a mailing Class List to the Settlement Administrator indicating to whom Notice should be sent.

(d)    No later than one hundred twenty (120) calendar days after the Preliminary Approval Date, Defendants' Counsel and Class Counsel will cooperate and jointly provide a final Class List to the Settlement Administrator indicating to which SubClass each Class Member has been assigned as well as the preliminarily calculated dollar amount that each Class Member shall receive under this Agreement based on the final number of Class Members in each SubClass.

(e)    The Settlement Administrator shall respond to general Class Member inquiries.  However, those inquiries seeking legal advice will be referred to Class Counsel.  The Settlement Administrator will provide Class Counsel with any requested information in order to enable Class Counsel to respond to the Class Member's inquiry.  The Settlement Administrator will keep records of any information provided by Class Members.

11.    <u>Determination of Settlement Payments and Injunctive Relief</u>:

(a)    The Parties have agreed to the following Settlement Payments for each member of each SubClass:

(i)    The Final Class Settlement Fund will be all amounts remaining after deductions for Class Counsel's attorneys' fees and costs, the Settlement Administrator's fees and costs, employers' tax payments, employees' tax payments, an Incentive Award and any other litigation, notice, or settlement costs as set forth in this Agreement.

(ii)    Payments to the Verified Termination Subclass (Group  A) and Unverified Termination Subclass (Group B) – The Final Class Settlement Fund will be divided between the Verified Termination SubClass (Group A) and the Unverified Termination Subclass (Group B).  Members of Groups A and B will also receive the benefit of the injunctive relief set forth in Section 11(b).  Within the Verified Termination Subclass (Group A), each Member will receive an equal share of the Final Class Settlement Fund based on the total number of participants in Groups A and B.  Each Unverified Termination Subclass (Group B) Member will receive 70% of the amount received by each Group A member.  For the avoidance of doubt, and as an example only, if Group A had 10 members and Group B had 20 members then the Final

Class Settlement Fund would equal 10X + (0.7X x 20) with X being the amount paid to each Group A Member.

        (iii)    Relief for the Injunctive Relief Only SubClass (Group C) – Members of the Injunctive Relief Only SubClass are entitled only to the injunctive relief set forth in Section 11.(b).



LTI will implement items (1) though (4) by the date the Final Approval Motion is filed and will provide proof of such changes to the Settlement Administrator.  Item (5) will not require the provision of proof or reporting of LTI's good faith efforts.

        (c)    Any uncashed checks from the Final Class Settlement Fund will be redistributed to members of the Verified Termination SubClass (Group A) and Unverified Termination SubClass (Group B) at the same percentage as set forth above, except that if the total of such uncashed checks amounts to less than $10.00 per class member, or if funds remain in the Settlement Account following one hundred eighty (180) calendar days after such re-distribution, then such balance shall be donated to Code.org.

        (d)    No later than twenty (20) days after the Final Approval Hearing, the Settlement Administrator shall calculate each Class Member Settlement Payment (after first setting aside a portion of the Total Class Settlement Amount to pay the Incentive Award,

Settlement Administrator's fees and costs, employees' taxes, employers' taxes, as well as Class Counsel's attorneys' fees and costs) pursuant to Sub-Class membership and the amount of Class Members in each SubClass.  The Settlement Administrator shall then provide its calculations of the Class Member Settlement Payments to Class Counsel and Defendants' Counsel no later than five (5) calendar days after completing such calculations.  The Parties shall have ten (10) calendar days to review, verify, and comment on the calculations.  The Settlement Administrator shall review such comments and respond to them no more than five (5) calendar days after such comments are received.  In the event an agreement cannot be reached by the Parties, the discrepancies will be referenced to the Court for resolution.

12. <u>Notice Process</u>:

(a) Any Class Member who previously released claims that would otherwise be covered by this Agreement, or who obtained a final judicial determination concerning claims that would otherwise be covered by this Agreement, is not eligible to receive a Class Member Settlement Payment, but is eligible for membership in the Injunctive Relief SubClass (Group C).

(b) <u>Form of Notice</u>.  The Notice provided to each Class Member shall be in the form attached hereto as Exhibit "B" and shall be sent to all individuals listed or who should have been listed in LTI's AAP data as being involuntarily terminated during the Class Period, regardless of race.

(c) No later than forty (40) calendar days after the Preliminary Approval Date, the Settlement Administrator shall send Notice to each Class Member by email, if such email address is available.  If no email address is available, Notice shall be sent by first-class United States mail (postage prepaid). No later than seventy (70) calendar days after the Preliminary Approval Date, the Settlement Administrator shall send Notice to each Class Member who has not responded to the email or mailed Notice by first-class United States mail (postage prepaid). Class Members shall then have thirty (30) additional calendar days to consider and respond to the Notice as set forth elsewhere in this Agreement (collectively, these one hundred days (100) days being the "Notice Period").

(d) <u>Return Notices</u>.  If a Class Member's Notice is returned with a forwarding address, the Settlement Administrator shall promptly re-mail the Notice to the forwarding address.  If no forwarding address is received, the Settlement Administrator shall utilize standard skip-tracing devices based on LexisNexis or similar databases to obtain forwarding address information and re-mail the Notices to such Class Members.  No Notice shall be mailed after the Notice Period, unless otherwise agreed by the Parties or ordered by the Court.

(e) Should the Court propose or order additional forms of notice and settlement administration, such additional costs shall be paid out of the Settlement Account as part of the Settlement Administrator's fees and costs.

(f) <u>Declaration of Settlement Administrator</u>.  The Parties shall provide to the Court with the Final Approval Motion a declaration by the Settlement Administrator detailing its due diligence and summarizing proof of mailing with regard to the Notices and its compliance

with the Class Action Fairness Act.  The declaration shall also identify the number of Requests for Exclusion and any objections.

(g)     Objecting to the Settlement.  Class Members may object to the Settlement by following the instructions described in the Notice.  To be valid, an objection must be postmarked or otherwise returned (via facsimile or email) to the Settlement Administrator no later than the end of the Notice Period.  The Settlement Administrator shall send to the Parties' counsel copies of all objections no later than two (2) calendar days after their receipt, as they are received, and Class Counsel shall file such objections with the Court prior to the Final Approval Hearing.  Defendants and Class Counsel may submit additional records and/or information to the Settlement Administrator and opposing counsel in response to any Class Members' objection.

(h)     Exclusions from the Settlement.  Class Members may exclude themselves from the Settlement by submitting a timely Request for Exclusion to the Settlement Administrator by following the procedures set forth below for opting out:

(i)     Any Class Member who chooses to opt out of the Settlement must submit a written, signed statement to the Settlement Administrator by first-class United States mail (postage prepaid), facsimile, or email that: (1) includes his or her name, address, and telephone number; and (2) unconditionally states an intention to opt out of the Settlement, such as: "I opt out of the class action settlement with LTI" or "I request to be excluded from the class action settlement with LTI."

(ii)     To be effective, a Request for Exclusion must be postmarked or otherwise received by the Settlement Administrator no later than the end of the Notice Period. Requests for Exclusion that are not postmarked or otherwise received by the Settlement Administrator during the Notice Period are null and void, unless otherwise agreed to in writing by the Parties or ordered by the Court.  It is the responsibility of the Class Member submitting the Request for Exclusion to retain a copy of the Request for Exclusion and proof of timely submission.

(iii)     The Settlement Administrator will stamp the postmark date or date received on the original of each Request for Exclusion that it receives.  The Settlement Administrator shall also send copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel no later than two (2) calendar days after their receipt, as they are received, and Class Counsel shall file all Requests for Exclusion with the Court prior to the Final Approval Hearing.

(iv)     Within five (5) calendar days following the end of the Notice Period, the Settlement Administrator shall send a final list of all Requests for Exclusion to Class Counsel and Defendants' Counsel by email.  To the extent any Requests for Exclusion are timely postmarked but received after the final list of all Requests for Exclusion is sent to Class Counsel and Defendants' Counsel by email, the Settlement Administrator shall send an updated list of all Requests for Exclusion to Class Counsel and Defendants' Counsel by the next business day following the Settlement Administrator's receipt of any such Requests for Exclusion.  The Settlement Administrator will retain the stamped originals of all Requests for Exclusion and

originals of all envelopes accompanying Requests for Exclusion in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

(v)      Upon the Settlement Effective Date, all Class Members who have not properly submitted a Request for Exclusion that satisfies the requirements described in Subsection (h) of this Section will be bound by the Settlement and the terms of this Agreement, and will have released their Released Claims, as set forth in this Agreement and as approved by the Court.

(i)      Inclusion in the Settlement's Verified Termination SubClass (Group A). Class Members seeking inclusion in the Settlement's Verified Termination SubClass (Group A) must submit timely Proof of Verified Termination SubClass (Group A) Membership ("Proof of SubClass Group A Membership") to the Settlement Administrator by following the procedures set forth below:

(i)      Any Class Member who chooses to submit a Proof of SubClass Group A Membership must submit a signed claim form to the Settlement Administrator by first-class United States mail (postage prepaid), facsimile, email, or the Settlement Administrator's website that: (1) includes his or her name, address, and telephone number; (2) unconditionally states an intention to seek inclusion in the Verified Termination SubClass (Group A); and (3) includes proof of membership, such as a copy of a valid passport, license or other form of government-issued picture identification establishing national origin and/or race.

(ii)      To be effective, a Proof of SubClass Group A Membership must be postmarked or otherwise received by the Settlement Administrator no later than the close of the Notice Period.  Proof of SubClass Group A Membership that are not postmarked or otherwise received by the Settlement Administrator during the Notice Period are null and void, unless otherwise agreed to in writing by the Parties or ordered by the Court.  It is the responsibility of the Class Member submitting the Proof of SubClass Group A Membership to retain a copy of the Proof of SubClass Group A Membership and proof of timely submission.

(iii)      The Settlement Administrator will stamp the postmark date or date received on the original of each Proof of SubClass Group A Membership that it receives.  The Settlement Administrator shall also send copies of all Proofs of SubClass Group A Membership to Class Counsel and Defendants' Counsel no later than two (2) calendar days after their receipt, as they are received, and Class Counsel shall file all Proofs of SubClass Group A Membership with the Court prior to the Final Approval Hearing.

(iv)      Within five (5) calendar days following the end of the Notice Period, the Settlement Administrator shall send a final list of all Proofs of SubClass Group A Membership to Class Counsel and Defendants' Counsel by email.  To the extent any Proofs of SubClass Group A Membership are timely postmarked but received after the final list of all Proofs of SubClass Group A Membership is sent to Class Counsel and Defendants' Counsel by email, the Settlement Administrator shall send an updated list of all Proofs of SubClass Group A Membership to Class Counsel and Defendants' Counsel by the next business day following the Settlement Administrator's receipt of any such Proofs of SubClass Group A Membership.  The Settlement Administrator will retain the stamped originals of all Proofs of SubClass Group A

Membership and originals of all envelopes accompanying Proofs of SubClass Group A Membership in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

13.     <u>Payments to Participating Class Members/Taxation</u>.

(a)     No later than forty-five (45) calendar days after the Settlement Effective Date, the Settlement Administrator shall mail the Settlement Checks to each Class Member (all Class Members who have not excluded themselves by submitting a timely Request for Exclusion are the "Participating Class Members"), in the amount determined for that Class Members SubClass, less payroll taxes.  In the event any settlement amounts are in dispute and before the Court for resolution, the Settlement Administrator shall mail the Settlement Checks to the Class Member no later than five (5) calendar days after the Court issues an order resolving the dispute. The Settlement Checks shall be written from the Settlement Fund and any costs associated with such payments will be part of the Settlement Administrator's costs and fees.

(b)     The Parties agree that fifty-percent (50%) of the Participating Class Members' award shall be allocated as wages, and normal payroll taxes and withholdings will be deducted from this portion of the award pursuant to applicable law, except that any Incentive Award to Mr. Ragland will be paid as non-wage income.  This portion of monetary payments will be reported on an IRS Form W-2.  The remaining fifty-percent (50%) of the award will be allocated as liquidated damages and interest and will be reported on an IRS Form 1099.  The Settlement Administrator will prepare such forms and in accordance with Section 13(e), make such tax payments.

(c)     Settlement Checks shall not be re-sent to addresses from which Notices have been returned as undeliverable after two attempts.

(d)     Each Settlement Check shall expire one hundred and eighty (180) calendar days after it is dated.  Any unclaimed funds shall be subject to re-distribution as set forth in Section 11 above.

(e)     <u>Payroll Taxes</u>.  The Settlement Administrator shall calculate, report, and pay the payroll taxes owed by Defendants and Class Members from the Settlement Account to the applicable taxing authorities on a timely basis in accordance with applicable law.  All such payments will be made from the Total Class Settlement Amount.

14.     <u>Defendants' Right to Rescind the Agreement</u>.

(a)     Defendants shall have the right, at their sole option, to void and rescind this Agreement if fifteen percent (15%) or more of Class Members exclude themselves from this Settlement.

(b)     If fifteen percent (15%) or more of Class Members exclude themselves from this Settlement, the Settlement Administrator will notify the Parties within ten (10) calendar days of having reached the fifteen percent (15%) threshold.

(c)     If Defendants wish to exercise their right to void and rescind this Agreement under this Section, they must do so by written communication to Class Counsel no later than twenty (20) calendar days after the Settlement Administrator provides such notice.

15.     <u>Funding the Settlement Account.</u>

(a)     No later than thirty (30) calendar days after the Preliminary Approval Date, Defendants shall cause to be transferred fifty-thousand dollars ($50,000), into the Settlement Account to cover the Settlement Administrator's estimated fees and costs, as such fees and costs are incurred.

(b)     No later than seven (7) calendar days after the Settlement Effective Date, or as soon thereafter as is commercially reasonable to comply with the Settlement Administrator's instructions, Defendants shall cause to be deposited the remainder of the Total Class Settlement Amount, into the Settlement Account to cover the Class Member Settlement Payments by SubClass, Class Counsel's attorneys' fees and Class Counsel's costs of suit, the Incentive Award, any remaining Settlement Administrator fees and costs, employee taxes and the employer taxes.

(c)     Following the release of the Total Class Settlement Amount to the Settlement Account by Defendants, Defendants shall have no responsibility, financial obligation, or liability whatsoever with respect to the Total Class Settlement Amount.  Rather, the Settlement Administrator shall have sole responsibility for the administration of such funds and income thereon, disbursements of such funds, and payment of the employee and employer taxes, taxes imposed on the Settlement Account, and administrative costs in accordance with the terms of this Agreement.

16.     <u>Attorneys' Fees and Lawsuit Costs.</u>

(a)     Class Counsel shall move for Court approval of Class Counsel attorneys' fees and expenses associated with the Action, in an amount which does not exceed thirty-three percent (33%) of the Total Class Settlement Amount in attorneys' fees (with expenses awarded separately), and if so, Defendants shall not contest such application.  Any Class Counsel attorneys' fees and expenses of suit approved by the Court shall be payable solely from the Total Class Settlement Amount.  Pursuant to Fed. R. Civ. P. 23(h), Class Counsel shall move for Court approval of Class Counsel attorneys' fees and expenses associated with the Action in advance of the Final Approval Motion.  The Class Counsel attorneys' fees and expenses of suit awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Class Counsel attorneys' fees and expenses of suit.

(b)     The Settlement Administrator shall pay Class Counsel attorneys' fees and expenses of suit awarded by the Court to Class Counsel from the Total Class Settlement Amount on the same day as the Settlement Checks are mailed to each Class Member following the Settlement Effective Date.

(c)     Payments made pursuant to this Section shall be reported to all applicable taxing authorities by the Settlement Administrator on IRS Form 1099-MISC.

(d)     Defendants' payment of Class Counsel attorneys' fees and costs associated with the Action as described in this Section shall constitute full satisfaction of Defendants' obligation to pay any person, attorney, or law firm for attorneys' fees, costs, and expenses incurred on behalf of Class Members, and shall relieve Defendants from any other claims or liability as to any other attorney or law firm or person for any attorneys' fees, expenses, and costs to which any of them may claim to be entitled on behalf of Class Members that are in any way related to the Released Claims.

17.     <u>Incentive Award</u>.

(a)     Class Counsel shall move for Court approval of an Incentive Award (not to exceed thirty thousand dollars ($30,000)) for Mr. Ragland simultaneously with their Final Approval Motion.  The Incentive Award shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Incentive Award.

(b)     Any Incentive Award approved by the Court shall be payable solely from the Total Class Settlement Amount.  Defendants shall not oppose Class Counsel's motion for the payment of such Incentive Award, subject to the limitations herein.

(c)     Any Incentive Award approved by the Court shall be in addition to the Class Member Settlement Payment otherwise owed to the Class Representative.  The Settlement Administrator shall pay such Incentive Award from the Total Class Settlement Amount no later than twenty (20) calendar days after the Settlement Effective Date.

(d)     Payments made pursuant to this Section shall be reported to all applicable taxing authorities by the Settlement Administrator on IRS Form 1099-MISC.

18.     <u>Responsibility for Any Additional Taxes</u>.

(a)     Should any taxing authority determine that any additional taxes are payable for the payments made to any Class Member or the Class Representative under this Agreement, such Class Member or Class Representative shall be solely responsible for the payment of those taxes, plus applicable interest.

(b)     As the Settlement Administrator shall be responsible for paying the employee and employer taxes out of the Total Class Settlement Amount, to the extent that there is an error regarding the payroll taxes owed by any Class Member or the Defendants, the Settlement Administrator shall indemnify the Class Members and/or Defendants for any penalty or interest arising out of an incorrect allocation, calculation, or reporting, or late payment of the same.

(c)     Any non-wage amounts paid from the Total Class Settlement Amount will be reported, if required, to the IRS on IRS Form 1099-MISC.

(d)     Class Counsel agree that they shall be solely responsible for the payment of any and all taxes due as a result of Class Counsel's receipt of payments made for Class Counsel attorneys' fees and lawsuit costs under this Agreement.

19.    <u>Settlement Contingent on Court Approval</u>.

(a)    This Agreement is contingent upon the Court's approval of the Settlement. If the Court does not grant preliminary or final approval or the Settlement Effective Date does not occur, this Agreement may be voided at any Party's option, in which case this Agreement (including its Exhibits) will become null and void, and shall not be used for any purpose, including, without limitation, in connection with this Action or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint.  In such an event, the Parties shall resume the Action, unless the Parties jointly agree to seek reconsideration or appellate review of the decision denying preliminary or final approval, or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement.

(b)    In the event any such reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(i)    The Parties shall be deemed to have reverted *nunc pro tunc* to their respective statuses as of the date and time immediately before the execution of this Agreement and they shall proceed in all respects as if this Agreement and related orders had not been executed and without prejudice in any way from the negotiation, fact, or terms of this Agreement, and without prejudice to the claims, defenses, or rights of any Party.  In that event, any class or sub-class certified for purposes of settlement shall be decertified.  Defendants shall retain the right to assert all applicable defenses and challenge all claims and allegations, including but not limited to contesting whether this Action should be maintained as a class action and contesting the merits of the claims being asserted by Plaintiffs in the Action.  Class Members retain the right to assert all applicable claims and allegations in the ongoing Action.

(ii)    If the Settlement Administrator has already sent copies of the Notice to Class Members, the Settlement Administrator shall provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no payments will be made to Class Members under the Settlement.  Such notice shall be mailed and emailed to the Class Members using the addresses previously used by the Settlement Administrator in sending the Notice, within fifteen (15) days of the Court's failure to grant final approval or of the Settlement Effective Date not occurring.  The cost of such notice shall be shared equally by the Parties.

20.    <u>Non-Disclosure and Communication</u>.

(a)    Aside from the disclosures in the Notice attached hereto as Exhibit "A" and in court papers, or as otherwise permitted or required by law, Mr. Meyenhofer, Mr. Ragland, the Settlement Class and their counsel, LTI's counsel and its General Counsel for the United States (while such General Counsel is employed by LTI) agree to maintain the confidentiality of the negotiation (including all drafts) and mediation process that led to this Agreement, as well as the information and documents exchanged between the Parties and the mediator during the mediation process, which were exchanged solely for the purposes of settlement and compromise only.  Any information provided to Class Counsel by Defendants pursuant to this Agreement or otherwise in connection with implementation of the Settlement shall be used solely for purposes of implementing this Settlement and for no other purpose.

(b)      Mr. Meyenhofer, Mr. Ragland, the Settlement Class and their counsel, LTI's counsel and its General Counsel for the United States (while such General Counsel is employed by LTI) shall not, directly or indirectly, publicly disseminate any information about the Settlement, this Agreement, or the Settlement negotiations, or otherwise publicize the existence of terms of the Settlement, this Agreement, or the negotiations leading up to the Settlement and Agreement, except that to the extent that the Parties or their counsel receive any inquiry about the Settlement or the Agreement, they shall be permitted to respond by stating that the Parties have reached an agreement that they believe is a fair and reasonable settlement of the disputed claims.

(c)      Mr. Meyenhofer and Mr. Ragland and their counsel, LTI's counsel and its General Counsel for the United States (while such General Counsel is employed by LTI) shall not issue any notice of or written communication regarding the Settlement or this Agreement to Class Members (other than Class Counsel's communications with the Class Representative, Class Members who have previously contacted or spoken to Class Counsel, or in response to any inquiry by a Class Member) except for the Notice issued by the Settlement Administrator, as set forth in this Agreement.

(d)      Nothing in this Section is intended to, nor shall it be construed to, violate any ethical obligations of, or interfere with the ability to practice law of, any counsel, including the ability of Class Counsel to provide advice to any Class Member or any current or future client.

(e)      Nothing in this Agreement shall prevent Defendants from filing any required regulatory disclosures or prevent the Parties or their counsel from complying with their obligations under the law.

(f)      Class Representative, Class Counsel, and Defendants' Counsel shall promptly notify the opposing party, via facsimile or email, of any third-party demand or requirement by any law, rule, or regulation, by subpoena, or by any other administrative or legal process to disclose non-public information concerning this Settlement, and shall not make any such disclosure until at least ten (10) calendar days after the notice is provided, so that Class Representative, Class Counsel, and/or Defendants' Counsel may seek a protective order or other appropriate remedy prior to such disclosure.  Should disclosure be required hereunder, Class Representative, Class Counsel, and/or Defendants' Counsel shall furnish only that portion of the information pertinent to this Settlement legally required to be disclosed and shall use reasonable efforts to obtain confidential treatment thereof by the recipient.

21.    Return of Documents/Data.  No later than sixty (60) calendar days after the Settlement Effective Date, Class Counsel will return or destroy all Protected Material (as that term is defined in the Parties Protective Order, Dkt. 59) produced by Defendants in this Action in accordance and as defined within Section 12 of the same Order, and will provide written notice of such to Defendants' Counsel.  As set forth in the Protective Order, Class Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, motion, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

22.     <u>Dismissal with Prejudice</u>.  Upon the Settlement Effective Date, Plaintiff's, and all Participating Class Members' claims against Defendants shall be automatically dismissed with prejudice.  All other claims not settled and dismissed under this Agreement, or by the settlement agreement between Mr. Meyenhofer and Defendants, shall be dismissed without prejudice.

23.     <u>Complete Agreement</u>.  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement, which contains the entire, complete, and integrated statement of all settlement terms as to the putative class claims in the Action and supersedes all previous oral or written agreements.  This Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives.

24.     <u>Knowing and Voluntary Agreement</u>.  The Parties enter into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Agreement and have consulted with legal counsel regarding the Agreement.

25.     <u>Notifications and Communications</u>.  Any notifications required by this Agreement shall be submitted by email to Kotchen & Low LLP and either by email or in any form of overnight mail or in person to Loeb & Loeb LLP:

<u>COUNSEL FOR PLAINTIFF RAGLAND AND THE CLASS</u>

Daniel Kotchen
Lindsey Grunert
Kotchen & Low LLP
1918 New Hampshire Avenue NW
Washington, DC 20009
dkotchen@kotchen.com
lgrunert@kotchen.com

<u>COUNSEL FOR DEFENDANTS</u>

Michelle M. La Mar
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA 90067
mlamar@loeb.com

26.     <u>Severability</u>.  In the event that any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other part of this Agreement, which shall be construed, reformed, and enforced to effect the purposes thereof to the fullest extent permitted by law.

27.     <u>Captions and Interpretation</u>.  Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

28.    <u>Binding on Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

29.    <u>Enforcement of Agreement and Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles.  The Court shall retain exclusive jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms.  All Parties to this Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

30.    <u>Agreement Form and Construction</u>.

(a)    The terms and conditions of this Agreement are the result of lengthy, carefully considered, arm's-length negotiations between the Parties, and this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Agreement.

(b)    This Agreement may be executed in electronic counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)    This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Action.

(d)    All of the exhibits to be attached hereto shall be incorporated by reference as though fully set forth herein.  In the event that there exists a conflict or inconsistency between the terms of this Agreement and the terms of any exhibit to be attached hereto, the terms of this Agreement shall prevail.

(e)    This Agreement and its exhibits constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to the Parties concerning this Agreement or its exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

31.    <u>Parties' Authority</u>.  The signatories below represent that they are fully authorized to enter into this Agreement and bind the Parties hereto and the Class Members to the terms and conditions thereof.

IN WITNESS THEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

**"The Company"**                                      **Andrew Ragland**

Larsen & Toubro Infotech Limited and
Larsen & Toubro Infotech LLC                    Signature:_____

Signature:_____        Date:_____

By:_____

Name:_____

Title:_____

Date:_____


Approved as to Form:

**Loeb & Loeb LLP**                                    **Kotchen & Low LLP**

Signature:_____        Signature:_____

Name: Michelle La Mar                              Name: Daniel Kotchen

Date:_____        Date:_____