July 14, 2023

Via ECF

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Peal Street, Room 1050
New York, NY10007

The request is granted pursuant to Individual Rule 4(B)(i). Ex. A and Ex. B to ECF No. 105 are to remain under seal, viewable only by the Court and the parties. The Clerk is instructed to terminate the open motion at ECF No. 106.

SO ORDERED

/s/ Alvin K. Hellerstein
U.S.D.J.
January 31, 2024

Re: *Meyenhofer, et al. v. Larsen & Toubro Infotech Limited, et. al.*
**Case No. 1:19-cv-9349 (AKH) (S.D.N.Y.)**
**Letter Motion To Seal Exhibits A and B to Joint Motion for Final Approval of Proposed Settlement**

Dear Judge Hellerstein:

This firm represents Plaintiffs in the above captioned lawsuit. We write pursuant to Rule 4.B of Your Honor's Individual Rules to request leave to file under seal Exhibits A and B to the Parties' Joint Motion for Final Approval of Proposed Settlement and for Approval of Plaintiff Ragland's Attorneys' Fees and Expenses. Exhibit A to the motion contains class members' proofs of class membership, i.e., copies of their drivers' licenses, passports, and other government-issued picture identification establishing their national origin and/or race. Much of the information contained in each of the 156 "proofs" is sensitive personal information, including home addresses, dates of birth, passport numbers, and drivers' license numbers. Exhibit B contains the three opt-out requests received by the parties in this case. This exhibit again contains sensitive personal information, including home addresses, personal email addresses, and telephone numbers. Counsel for Plaintiffs has conferred with counsel for Defendants, who agree that these exhibits should be sealed.[1]

"Although '[t]he common law right of public access to judicial documents is firmly rooted in our nation's history,' this right is not absolute, and courts 'must balance competing considerations against' the presumption of access." *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789, 2020 WL 6378936, at *1 (S.D.N.Y. Oct. 30, 2020) (quoting *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and holding that sensitive personal information may be filed under seal to prevent its dissemination). Such considerations include "'the privacy interests of those resisting disclosure.'" *Catania v. United Federation of Teachers*, No. 1:21-cv-1257-GHW, 2022 WL 16821698, at *1-2 (S.D.N.Y. Oct. 31, 2022) (quotation omitted) (granting sealing request and finding the weight of the presumption to seal "very modest" where "[t]he documents[] [the party sought to seal] . . . discuss the personal circumstances of Plaintiffs' counsel and how those circumstances bear on the need for an extension, rather than any legal issue in the case").

---

[1] Your Honor's Individual Rules specifically provide that dates of birth should be redacted and/or sealed "without seeking prior permission from the Court" and that "personal identifying numbers" and home addresses "should be treated with caution and may warrant [sealing]." *See* Individual Rules of the Hon. Alvin K. Hellerstein § 4(B)(i).

Where, as here, "certain information contained in the [documents], such as the [individuals]' home addresses, personal phone numbers, and email addresses, . . . is not public, [and] has no bearing on th[e] Court's ruling on [the motion]," Courts have routinely found that such "personal information . . . should be shielded from public disclosure." *Anderson v. N.Y. City Health and Hosps. Corp.*, No. 16-CV-1051 (GBD) (KHP), 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (ordering redaction of personal information); *Patti's Pitas, LLC v. Wells Fargo Merchant Servs., LLC*, NO. 1:17-cv-04583, 2021 WL 5879167, at *3 (E.D.N.Y. July 22, 2021) (approving settlement that provided for list of settlement notice recipients to be filed "under seal and *ex parte* []to protect the names, addresses, and other personal information of Settlement Class Members")

And because Exhibit B contains the personal information of three former employees who opted-out of the settlement, these individuals are entitled to an even greater right to privacy, which "overcome[s] the presumption against public access." *Rowe v. Google LLC*, No. 19 Civ. 8655 (LGS), 2022 WL 4467628, at *4 (S.D.N.Y. Sept. 26, 2022) (sealing "personal telephone numbers, email addresses and home addresses" as such "information is unrelated to the resolution of th[e] case and implicates the privacy interests of non-parties"); *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106 (LGS), 2020 WL 8224932, at *1 (S.D.N.Y. July 22, 2020) (holding that "[f]iling the . . . documents under seal or in redacted form is necessary to prevent the unauthorized dissemination of . . . third-party . . . personal information"); *Online Payment Sols. v. Svenska Handelsbanken AB*, 638 F.Supp.2d 375, 383 n.4 (S.D.N.Y. 2009) ("[T]he Court finds it improper to file publicly names, e-mail addresses, [and] phone numbers[] . . . of individuals who are not parties to this suit and who did not give permission for such public filing.").

The parties therefore respectfully request that Your Honor grant this application to file Exhibits A and B under seal. We thank Your Honor for your attention to this matter.

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
**KOTCHEN & LOW LLP**
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
dkotchen@kotchen.com
lgrunert@kotchen.com

*Attorney for Plaintiffs and Putative Class*

/s/ Michelle M. La Mar
Michelle M. La Mar (*pro hac vice*)
Terry D. Garnett (*pro hac vice*)
Bradley J. Raboin (*pro hac vice*)
Loeb & Loeb LLP
345 Park Avenue

2

New York, NY 10154<br>
Telephone: (212) 407-4000<br>
Facsimile: (212) 407-4990<br>
Email: mlamar@loeb.com<br>
Email: tgarnett@loeb.com<br>
Email: braboin@loeb.com

*Attorneys for Defendants*